## A05A1760. HUSBAND v. THE STATE.
(620 SE2d 479)

BLACKBURN, Presiding Judge.

Following a bench trial, Cedric Husband appeals his conviction of aggravated assault, challenging the sufficiency of the evidence. For the following reasons, we disagree and affirm.

> The standard of review for sufficiency of the evidence [in a criminal case] is set out in *Jackson v. Virginia.*[1] The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In addition, appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.

*Taylor v. State.*[2]

Viewed in this light, the record shows that Husband regularly spent time outside a convenience store where Hitesh Patel worked. Patel suspected Husband of selling drugs in the store parking lot. On more than one occasion, Patel asked Husband to leave and complained to the police. Subsequently, in the days prior to the subject incident, Husband verbally threatened to kill Patel.

On April 20, 2003, Husband entered the store, pointed a handgun at Patel, warned him not to give information to the police about what they did, and said, "We . . . own this area." Frightened, Patel told Husband to leave. After further words were exchanged, Husband left the store.

OCGA § 16-5-21 (a) (2) provides in relevant part: "[a] person commits the offense of aggravated assault when he or she assaults . . . with a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-20 (a) (2) defines assault as the commission of "an act which places another in reasonable apprehension of immediately receiving a violent injury." The record adequately shows that Husband committed an act with a deadly

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Taylor v. State*, 266 Ga. App. 818 (598 SE2d 122) (2004).

weapon which placed Patel in reasonable apprehension of immediately receiving a violent injury. See *Gray v. State.*[3] Therefore, the evidence in this case is sufficient to support the verdict.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED AUGUST 25, 2005.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.

---

[3] *Gray v. State*, 257 Ga. App. 393, 394-395 (1) (a) (571 SE2d 435) (2002).